NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0366-23

RONALD DONNERSTAG,
KRISTIN LANKO, LISA
SNIDER, WENDY VACANTE,
MATTHEW DELPRETE,
PATRICIA FORTUS, JAIME
CESTARE, SCOTT ALFANO,
and LYNNE SWEEZO,

      Complainants-Appellants,

v.

HEATHER KOENIG, CENTRAL
REGIONAL BOARD OF
EDUCATION, OCEAN COUNTY,

      Respondent-Respondent.

_____

| |
|---|
| **APPROVED FOR PUBLICATION** |
| **April 3, 2025** |
| **APPELLATE DIVISION** |

Argued October 29, 2024 – Decided April 3, 2025

Before Judges Sumners, Perez-Friscia and Bergman.

On appeal from the School Ethics Commission, New Jersey Department of Education, Docket No. C19-22.

Daniel R. Dowdy argued the cause for appellants (Selikoff & Cohen, PA, attorneys; Daniel R. Dowdy, of counsel and on the briefs; Steven R. Cohen, on the briefs).

Paul E. Kiel argued the cause for respondents (Gold, Albanese & Barletti, LLC, attorneys; James N. Barletti, of counsel and on the brief; Paul E. Kiel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent School Ethics Commission (Sadia Ahsanuddin, Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

SUMNERS, JR., C.J.A.D.

Appellants, Central Regional Board of Education (Board) members Ronald Donnerstag, Kristin Lanko, Lisa Snider, Wendy Vacante, Matthew Delprete, Patricia Fortus, Jaime Cestare, Scott Alfano, and Lynne Sweezo, appeal the School Ethics Commission's final agency decision dismissing their five-count complaint under the School Ethics Act (Act), N.J.S.A. 18A:12-21 to -34, seeking disciplinary action against fellow Board member, respondent Heather Koenig. The allegations targeted Koenig's posts and reposts uploaded on her public social media account while she was a Board member-elect and Board member, and her violation of Governor Philip Murphy's Executive Order 251 by not wearing a facemask at a public board meeting while a sitting Board member.

We affirm the Commission's dismissal of counts two and five, wherein it granted Koenig's motion to dismiss. As to count three, which the Commission

2

also dismissed on Koenig's motion, we reverse and remand to the Commission to determine its merits. We leave it to the Commission to determine if a fact-finding hearing before an ALJ is needed to resolve the count's allegation, or if it can be resolved through a summary decision.

We affirm the Commission's summary dismissal of count four. As to the Commission's dismissal of count one, we reverse and remand to the Commission to determine Koenig's penalty. The penalty, however, shall not be imposed until the Commission makes a final agency decision regarding count three.

I.

A. School Ethics Complaint

On November 2, 2021, Koenig was elected as a Board member. She used her public social media account to campaign for her election and continued to post and repost to it after she was sworn-in as a Board member on January 7, 2022.

On March 2, 2022, appellants filed a five-count school ethics complaint with the Commission against Koenig alleging:

> Count One – In violation of N.J.S.A. 18A:12-24.1(e), Koenig compromised the Board by making a social media post on January 12, 2022, without disclaiming that the post was made in her personal capacity rather than as a Board member, which "explicitly urged Board employees to drop their membership with [Central

Regional Education Association] (CREA) and [New Jersey Education Association] (NJEA) (collectively, the unions)" which violated the union membership withdrawal procedures per the Workplace Democracy Enhancement Act, N.J.S.A. 34:13A-5.11 to -5.15. On March 7, the Board adopted a resolution renouncing "any statements posted or attributed by any individual that is contrary to the . . . WDEA."[1] On April 21, the unions filed "an unfair practice charge against the Board alleging the Board violated WDEA, specifically citing [Koenig's] January 12 post urging teachers to opt out of the NJEA."

Count Two – In violation of N.J.S.A. 18A:12-24.1(a) and N.J.S.A. 18A:12-24.1(e), Koenig compromised the Board and appeared to be speaking for the Board when on January 7, 2022, she posted pictures being sworn in as a Board member with her family by her side, not wearing face masks in violation of Executive Order 251.

Count Three – In violation of N.J.S.A. 18A:12-24.1(a) and N.J.S.A. 18A:12-24.1(e), Koenig failed to wear a face mask at a board meeting on January 20, 2022, which violated her ethical obligations to "uphold and enforce all laws, rules and regulations of the State Board of Education, and court orders pertaining to schools."

Count Four – In violation of N.J.S.A. 18A:12-24.1(a) and N.J.S.A. 18A:12-24.1(e), on January 10, 2022, Koenig posted on her social media account her demand

---

[1] The Workplace Democracy Enhancement Act, N.J.S.A. 34:13A-5.11 to -5.15 sets forth union membership withdrawal procedures.

A-0366-23

that Governor Murphy not extend Executive Order 251 and called him a "Tyrannical POS."[2]

Count Five – In violation of N.J.S.A. 18A:12-24.1(e), Koenig made a "'racist post' on her public [account] [on December 5, 2021,] . . . [that] 'could reasonably be seen as compromising the Board and as speaking for the Board by a member of the public.'"

B.  School Ethics Commission's Dismissal of Three Counts of Appellant's Complaint

On July 26, 2022, the Commission, construing "the facts in the light most favorable to the non-moving party [(appellants)], and determin[ing] whether the allegation(s), if true, could establish a violation(s) of the Act" per N.J.A.C. 6A:28-8.3, granted in part and denied in part Koenig's motion to dismiss in lieu of an answer.  The Commission dismissed counts two, three, and five, but declined to dismiss counts one and four.[3]

After Koenig responded to counts one and four, the matter was transmitted to the Office of Administrative Law for a contested hearing.  Appellants later moved for summary decision.  Koenig did not cross-move for relief.  The ALJ

---

[2]  POS is a slang term meaning "piece of shit."  Dictionary.com, http://www.dictionary.com/browse/pos (last visited Mar. 10, 2025).

[3]  Appellants sought interlocutory review of the Commission's decision before the Commissioner of Education.  Koenig cross-moved for interlocutory review of the decision sustaining counts two and four. The Commissioner of Education declined review.

A-0366-23

granted the motion, issuing an initial decision specifically finding that in counts one and four Koenig violated N.J.S.A. 18A:12-24.1(e). The ALJ determined Koenig should be censured because it would "send[] a message to both [her] and other Board members, that using social media as a platform, should not and cannot come at the expense of each Board's members affirmative obligations under the [Act] for Board members."

On August 22, 2023, the Commission issued its final agency decision rejecting the ALJ's initial decision. Thus, appellants' entire complaint was dismissed resulting in this appeal.

II.

The Commission is charged with resolving complaints of unethical conduct filed against school board members. N.J.S.A. 18A:12-29. Upon the filing of a complaint against a member of a local school board, the Commission "shall determine whether the conduct complained of constitutes a violation of th[e A]ct, or in the case of a board member, th[e A]ct or the code of ethics, or whether the complaint should be dismissed." N.J.S.A. 18A:12-29(9)(c). The Commission is authorized to dismiss a complaint, "or specific allegations in [a] complaint[]," based on a "[l]ack of jurisdiction," N.J.A.C. 6A:28-9.2(a)(1), or

when "[t]he complaint, on its face, fails to state a claim under the Act," N.J.A.C. 6A:28-9.2(a)(7).

The Commission decides a motion for summary decision under N.J.A.C. 1:1-12.5(b), applying "substantially the same" standard a trial court employs in considering a Rule 4:46-2 summary judgment motion. Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121 (App. Div. 1995). Like the trial court, an agency's findings of fact "are considered binding on appeal when supported by adequate, substantial and credible evidence." Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Summary decision is appropriate "where the undisputed material facts . . . indicate that a particular disposition is required as a matter of law." In re Robros Recycling Corp., 226 N.J. Super. 343, 350 (App. Div. 1988). Yet, we owe no deference to the trial court's conclusions of law. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010) (citations omitted). In contrast, we "strive to give substantial deference to the interpretation [the] agency gives to a statute that the agency is charged with enforcing." In re Virtua-W. Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 423 (2008) (alteration in original) (internal quotation marks and

citations omitted). We review the grant of summary decision de novo. N.J. Div. of Tax'n v. Selective Ins. Co. of Am., 399 N.J. Super. 315, 322 (App. Div. 2008).

"[W]e will not upset a State agency's determination in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated a legislative policy expressed or implicit in the governing statute." In re Camden Cnty. Prosecutor, 394 N.J. Super. 15, 22-23 (App. Div. 2007) (emphasis omitted) (quoting Cnty. of Gloucester, Bd. of Chosen Freeholders v. Pub. Emp. Rels. Comm'n, 107 N.J. Super. 150, 156 (App. Div. 1969) aff'd, 55 N.J. 333 (1970)). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Adoption of Amends. to Northeast, Upper Rariten, Sussex Cnty., 435 N.J. Super. 571, 582 (App. Div. 2014) (alteration in original) (quoting In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006)). Arbitrary and capricious action means that an agency engaged in "willful and unreasoning action, without consideration and in disregard of the circumstances." Northgate Condo. Ass'n v. Borough of Hillsdale Plan. Bd., 214 N.J. 120, 145 (2013) (quoting Worthington v. Fauver, 88 N.J. 183, 204 (1982)).

Guided by these principles, we address appellants' contentions regarding the dismissal of their complaint through a motion to dismiss and summary decision.

III.

Motion To Dismiss

In its July 26, 2022 agency decision, the Commission ruled that Koenig's social media posts—as alleged in counts two, three, and five—did not violate N.J.S.A. 18A:12-24.1(e) and dismissed them. We separately address the dismissal of each count.

A. Count Two

In count two, appellants allege Koenig's social media post of her Board swearing-in picture without wearing a mask violated Executive Order 251 and, in turn, N.J.S.A. 18A:12-24.1(a) and N.J.S.A. 18A:12-24.1(e), by compromising the Board for appearing to speak on behalf of it when she broke the law.

The Commission determined that, accepting appellants' allegations as true,

> there are absolutely no facts from which the Commission could possibly conclude that the taking of a family photograph, even without a mask, exceeded the scope of [Koenig's] duties and responsibilities as a Board member and/or had the potential to compromise the Board.

9

Before us, appellants contend Koenig's violation of Executive Order 251, refusing to wear a mask in the school facility, was her conscious decision to break the law. They claim "[Koenig] was asked to wear a mask . . . and refused . . . stat[ing] 'I'm not wearing a mask.'" They assert Koenig's action compromised the Board by showing that Board members disregard the law.

We agree with the Commission's dismissal of count two. The alleged violation of N.J.S.A. 18A:12-24.1(a) was correctly dismissed on procedural grounds. To sustain a violation of N.J.S.A. 18A:12-24.1(a), a complainant "shall include a copy of a final decision from any court of law or administrative agency of this State demonstrating that the respondent(s) failed to enforce all laws, rules, and regulations of the State Board of Education, and/or court orders." N.J.A.C. 6A:28-6.4(a)(1). Because there is no indication in the record that an administrative agency or court issued an order that appellants complied with N.J.A.C. 6A:28-6.4(a)(1), appellants failed to establish a violation of N.J.S.A. 18A:12-24.1(a).

While there is no dispute that Executive Order 251 is a valid exercise of the Governor's authority, executive orders are not specifically included in N.J.A.C. 6A:28-6.4(a)(1), which states "laws, rules, and regulations of the State Board of Education, and/or court orders," and we do not have the authority to

amend the regulation to include executive orders. See, e.g., Marino v. Marino, 200 N.J. 315, 329 (2009) (alteration in original) (citing O'Connell v. State, 171 N.J. 484, 488 (2002)) ("We will not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'"). Since there is no final court or administrative agency order that Koenig violated Executive Order 251, count two's allegation that she violated N.J.S.A. 18A:12-24.1(a) was properly dismissed.

As to the alleged violation of N.J.S.A. 18A:12-24.1(e), it was correctly dismissed on its merits. The statute provides that school board members "recognize that authority rests with the board of education and will make no personal promises nor take any private action that may compromise the board." N.J.S.A. 18A:12-24.1(e). Appellants failed to establish by specific evidence that Koenig's decision to not wear a mask at her swearing-in indicated she was acting on behalf of the Board or compromised the Board. The Commission reasonably found that a mere photograph of an unmasked Koenig without more—even in a school facility—does not rise to the level of factual evidence needed to sustain count two. The Commission's ruling was not arbitrary, capricious, or unreasonable.

11

B. Count Three

In count three, appellants allege Koenig violated N.J.S.A. 18A:12-24.1(e) by not wearing a face mask at a Board meeting on January 20, 2022, as required by Executive Order 251. Specifically, they assert Koenig's defiance of the mask mandate encouraged others to follow suit which compromised the Board as her action was perceived to have been speaking for Board.

The statute provides that school board members "recognize that authority rests with the board of education and will make no personal promises nor take any private action that may compromise the board." N.J.S.A. 18A:12-24.1(e).

The Commission dismissed count three, reasoning:

> [Appellants] have not provided any facts indicating how [Koenig's] personal decision for which she, and she alone, could face consequences, related to her duties as a Board member or could have impacted the Board. There is no suggestion that [Koenig] encouraged other members of the Board, members of the public, teaching staff members (if they were present), or students (if they were present) to defy the Executive Order.

Unlike the dismissal of count two, we disagree and reverse.

Viewing the facts in the light most favorable to appellants, there are sufficient facts in the record to support appellants' assertion in count three. As appellants contend, prior to the January 22 Board meeting, Koenig made several

12

posts on her social media account publicly showing her disdain for the mask mandate in public buildings: (1) December 9, 2021 — reposting "unmasknjschools.com" statement, "Murphy's pandemic response on children . . . needs to end now!"; (2) January 9, 2022 — equating pandemic safety measures to domestic violence; and (3) January 10 — calling Governor Murphy a "Tyrannical POS" for issuing the mask mandate and demanding that parents "remember your rights and start to stand for them and your children." Appellants also stress that Koenig's contempt of the Executive Order is evident by appellant Kristin Lanko's certification that Koenig stated at the Board meeting, "I'm not wearing a mask," as well as Koenig's discovery responses that she refused to wear a mask "because [she] believe[s] Executive Order 251 violates [her] freedoms as an American citizen."

Accordingly, the Commission should not have granted Koenig's motion to dismiss count three as her unmasked presence at a public Board meeting in defiance of Executive Order 251 could be a violation of N.J.S.A. 18A:12-24.1(e) may have compromised the Board by encouraging others to not wear masks. Its decision was arbitrary, capricious, and unreasonable. We reverse and remand to the Commission to determine the merits of count three. We leave it to the Commission to determine if a fact-finding hearing before an ALJ is needed to

13

resolve the count's allegation, or if it can be resolved through a summary decision.

## C. Count Five

In count five, appellants allege Koenig violated N.J.S.A. 18A:12-24.1(e) by making a December 5, 2021 racist post on her social media account despite not being sworn in as a Board member. The Commission dismissed the count, finding it "does not have jurisdiction to regulate or sanction the conduct of a school official that occurred before he or she was subject to the requirements of the Act."

Appellants argue the Commission improperly refused to address the substance of their arguments by finding it lacked jurisdiction. Appellants stress, "the Commission directly contradicted an [a]dvisory [o]pinion it publicly issued . . . which clearly stated that it has jurisdiction over newly elected school board members who have not yet been seated." The opinion states in relevant part:

> Similar to all other newly elected, as well as currently seated, Board members, this Board member is bound by and charged with understanding and complying with the ethical standards set forth in the Act.
>
> [Advisory Op. A36-17, at 2 (Sch. Ethics Comm'n Jan. 3, 2018).]

Appellants contend they were denied due process when the Commission refused to address their allegations. As to count five's merits, appellants emphasize the post remained on Koenig's account when she was sworn in and stayed there until the Board passed a resolution on March 17, 2022, condemning the post and demanding it be removed due to "community outrage." Appellants contend this demonstrates that Koenig's post compromised the Board in violation of N.J.S.A. 18A:12-24.1(e) and reason Koenig's motion to dismiss count five should not have been granted because the Commission's decision lacked credible evidence in the record.

We discern no error in the Commission's ruling that it lacked jurisdiction to address count five because its allegations arose before Koenig was a Board member. Koenig correctly cites <u>Donnerstag v. Borawski</u>, Docket No. C20-22, at 8-9, wherein the Commission clarified its Advisory Opinion A36-17, finding:

> To the extent that Complainants believe that language from Advisory Opinion A36-17 (A36-17), specifically, "[s]imilar to all other newly elected, as well as currently seated, Board members," stands for the proposition that school officials are bound by the standards enumerated in the Act prior to the start of their term, such reliance is misplaced. <u>The language in A36-17 was written to ensure that all new Board members understand that, once their term begins, they, like their currently seated colleagues, are immediately bound by the provisions of the Act.</u> Moreover, A36-17 details the Commission's advice regarding the subject school official's

> prospective behavior and did not in any way suggest that the Commission had the authority to find a violation of the Act and/or recommend a sanction for conduct that occurred prior to the start of a school official's term.
>
> [(Emphasis added).]

Therefore, the Commission clarified its Advisory Opinion by ruling it does not have jurisdiction under the Act for a school board member's conduct arising before the board member's swearing-in.

We also conclude appellants' due process rights were not violated. As reflected in the Commission's decision, Koenig argued before it that the allegations in count five "did not form the basis of a [c]omplaint" because she was not sworn in as a Board member when the post was made. And as Koenig points out, appellants opposed her lack of jurisdiction argument before the Commission. Moreover, the inquiry in Advisory Opinion A36-17 was "whether there are any ethical prohibitions on this Board member's activities given that he is currently enrolled in the District as a student." Advisory Op. A36-17, at 1. The Commission determined "there is no basis to presume that this Board member's status as a Board member is somehow diminished, or limited, because he is a student." Id. at 2. Thus, the Board member was permitted to vote on matters involving personnel, collective bargaining, labor grievances, school

16

related activities, and student activities.  Ibid.  The Advisory Opinion did not address the specific issue raised here in count five – whether the Act covers a board member-elect's conduct.  As the Advisory Opinion recognized, its opinion is "determined by, and [is] limited to, the facts presented before it."  Id. at 3.  The Commission did not therefore waive a prior jurisdictional ruling regarding the Act's application to a Board member-elect.

The Commission's ruling was not arbitrary, capricious, or unreasonable.  Given the dismissal of count five on jurisdictional grounds, we do not address its merits.

IV.

Summary Decision

In its August 22, 2023 final agency decision, the Commission rejected the ALJ's summary decision that Koenig's social media posts, as alleged in counts one and four, violated N.J.S.A. 18A:12-24.1(e).  The Commission dismissed both counts.  We address each count separately.

A. Count One

In count one, appellants allege Koenig violated N.J.S.A. 18A:12-24.1(e) by posting on her social media account that Board employees should rescind their union membership.

The Commission, applying the standard it pronounced in <u>Aziz v. Nikitinsky</u>, determined that, despite Koenig's lack of a disclaimer, a reasonable member of the public would not per se perceive that her post was made in her capacity as a Board member. SEC No. C-56-22 (Oct. 17, 2022) (slip op. at 8). The Commission noted, "the use of a disclaimer on social media <u>can help to clarify</u> whether an individual is speaking in his or her official capacity . . . however, <u>the presence of a disclaimer is not dispositive."</u> <u>Ibid.</u> (emphasis added) (internal quotations omitted). The Commission noted that even though Koenig's comments were "divisive, inflammatory, and hostile," appellants' claim was not viable under the Act. The Commission found Koenig's posts were uploaded on her private page, insufficiently connected to her Board member position, and did not deviate from her official duties. The post did not mention her position on the Board nor appeared to represent the thoughts of the Board at-large. The mere fact that Koenig also utilized the same social media account to campaign for her election to the Board, in the Commission's view, did not establish a sufficient nexus with her independent posts, which were silent as to her Board involvement. Thus, the Commission found Koenig did not violate N.J.S.A. 18A:12-24.1(e) because her post was neither a personal promise nor compromised the Board.

Appellants contend the Commission's summary dismissal of count one was arbitrary, capricious, and unreasonable because it was contrary to the substantial credible evidence in the record that Koenig's post compromised the Board in violation of N.J.S.A. 18A:12-24.1(e). They emphasize that Koenig's posts involved her Board member activities—campaigning and swearing-in pictures—and created negative consequences for the Board—community members protested her posts at Board meetings, two Board resolutions denounced her posts, and the unions sued the Board due to her post. They stress Koenig's social media account was public, and she admitted that followers of her social media account were aware she was a Board member. Appellants argue her conduct "created a justifiable impression among the public that the public trust was being violated, and that she did so by taking action which . . . actually did [] compromise the Board." They add that by failing to disclaim her opinions as separate from her position as a Board member, as the Commission stressed in Melnyk v. Fiel, SEC Docket No. C64-18 (2019), the public believed she was speaking as a Board member given her prominent use of her social media account for campaigning and her Board membership.

Although we defer to the Commission's findings on laws it is directed to enforce, we are constrained here to conclude that its grant of summary judgment

dismissal of count one was in error because it was not supported by the undisputed facts in the record. We conclude the ALJ correctly assessed the record and the law in determining that Koenig's post advocating for Board employees to rescind their labor union memberships violated N.J.S.A. 18A:12-24.1(e).

The Commission recognized that under <u>Aziz</u> it applies a two-part test to determine whether a board member's social media posts violate the Act. The test is:

> [(1)] whether a reasonable member of the public could perceive that the school official is speaking in his or her official capacity or pursuant to his or her official duties. . . . [(2)] Whether a school official is perceived as speaking in his or her official capacity and pursuant to his or her official duties turns, in large part, on the content of the speech. . . .
>
> [<u>Aziz</u>, at 8 (internal quotations omitted).]

Furthermore, "if the speech in question does relate to the business of the Board and/or its operations, it may then be reasonable for the reader to perceive the speech as being offered in an official capacity and pursuant to his or her official duties, provided there is a sufficient nexus between the individual's social media page and his or her role/membership on the Board." <u>Ibid.</u> The <u>Aziz</u> ruling noted that a disclaimer on a social media post can "help to clarify" whether someone

is speaking in their official capacity or pursuant to their official duties, but "the presence of a disclaimer is not dispositive." Ibid.

Appellants correctly contend that Koenig's social media account was her way of communicating to the public about her Board activities. She used it to campaign for a seat on the Board; celebrated her election to the Board; and publicized her swearing-in. By posting "Teachers . . . OPT OUT of NJEA" mere days after being sworn in as Board member, Koenig voiced her opposition to the collective bargaining group with whom the Board was legally obligated to negotiate the terms and conditions of teachers' employment in the school district. Thus, she was speaking directly to the Board's activities. And given she was a Board member, the school district community viewed her posts in that context which, in turn, compromised the Board. This was evidenced by the protests at the Board meeting and the unions filing an unfair labor practice charge against the Board due to Koenig's anti-union assertion. See N.J.A.C. 6A:28-6.4(a)(5) ("Factual evidence of a violation of N.J.S.A. 18A:12-24.1.e shall include evidence that the respondent made personal promises or took action beyond the scope of the respondent's duties such that, by its nature, had the potential to compromise the district board of education or the board of trustees."). Koenig's

post impacted collective bargaining between the Board and the union. Thus, the Board was compromised by her post.

Because Koenig's social media account was an extension of her Board member persona, our view of her post might differ had she disclaimed her comment as not speaking as a Board member. A disclaimer, however, may not be dispositive of the capacity Koenig was speaking through her post. <u>See</u> <u>Aziz</u> at 8. Yet, the absence of a disclaimer here strongly supports appellants' position that Koenig's comments gave the school district community the impression she was speaking as a Board member and not giving her personal opinion. In fact, just months before the Commission's summary decision, it issued Advisory Opinion A02-22 (Sch. Ethics Comm'n Feb. 25, 2022), wherein its sentiment shifted to suggest that the inclusion of disclaimers is preferrable. In an apparent effort to guide members "to avoid violating, or being accused of violating, the [Ethics] Act," the Commission gleaned support from <u>I/M/O Treston</u>, C71-18 at 12, advising that:

> when use of social media and online publications has become commonplace . . . and <u>given that there has been a significant influx in the number of complaints filed with the Commission</u> regarding use (or nonuse) of disclaimers in electronic publications (not just on social media), it is now more critical than ever to underscore and emphasize that <u>when Board members want to speak as private citizens, they must include an appropriate</u>

> disclaimer that makes the capacity in which they are speaking clear and unambiguous.
>
> [(Emphasis added).]

The Commission reasoned that the anti-union post "do[es] not mention [Koenig's] membership on the Board nor does she advertise or rely upon her Board membership when publishing material on her social media page." However, given her practice of using her social media account, the public would obviously think she was speaking as a Board member. Under the totality of circumstances, we conclude appellants carried their burden by showing in count one that Koenig violated N.J.S.A. 18A:12-24.1(e). Thus, we reverse the Commission's decision that count one should be dismissed because its ruling was contrary to the credible evidence in the record and is thus arbitrary, capricious, and unreasonable. We remand to the Commission to recommend to the Commissioner of Education whether Koenig should be "reprimand[ed], censure[d], suspen[ded], or remov[ed]" from the Board for her violation. See N.J.S.A. 18A:12-29(c). The penalty, however, shall not be imposed until the Commission makes a final agency decision regarding count three.

B. Count Four

In count four, appellants allege Koenig violated N.J.S.A. 18A:12-24.1(e) in her social media post harshly criticizing Governor Murphy's possible

23

extension of his Executive Order requiring that masks be worn in public school buildings and reposting on her social media account an anti-mask social media post by a parent group.

The Commission dismissed count four for the same reasons it dismissed count one. And appellants raise the same arguments challenging count four as it did for count one: the Commission's decision was arbitrary, capricious, and unreasonable; and it was contrary to the credible evidence in the record because Koenig used her social media account for her Board activities, which created an impression that the public trust was violated and compromised the Board.

Unlike with count one, we agree with the Commission that the record does not sustain the allegations in count four that Koenig violated N.J.S.A. 18A:12-24.1(e). While Koenig's post and repost informed the school district community of her position on the possible extension of the Governor's mask mandate for public buildings, the pronouncement did not directly concern her Board activities. The post and repost, albeit "divisive, inflammatory, and hostile" as the Commission opined, was Koenig's personal belief that the Governor should not extend his mask mandate. It did not affect any of her specific Board member duties. She did not affirmatively state that she would not follow the mandate if extended. Moreover, there is no indication in the record that her post

24

compromised the Board, e.g., caused disruption or any legal action against the Board. We thus conclude there was an insufficient nexus between her social media post and her position as a Board member. The Commission's ruling was not arbitrary, capricious, or unreasonable.

To the extent we have not addressed any of appellants' arguments, we conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D) and (E).

Affirmed in part and reversed and remanded in part for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0366-23